UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHUANG ZHANG,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM PARFET,<br><br>    Defendant. | Case No. 16-CV-04333-LHK<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL; DENYING MOTION TO STAY**<br><br>Re: Dkt. Nos. 37, 39 |

Plaintiff Shuang Zhang ("Plaintiff") sues Defendant William Parfet ("Defendant") for sexual harassment, sex discrimination, retaliation, and wrongful termination. *See* ECF No. 1. Before the Court are Plaintiff and Plaintiff's counsel's motion to withdraw as counsel for Plaintiff, ECF No. 37, and Plaintiff's motion to stay proceedings, ECF No. 39. The Court finds these matters suitable for resolution without oral argument and accordingly VACATES the motions hearing set for May 11, 2017. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS the motion to withdraw as Plaintiff's counsel and DENIES Plaintiff's motion to stay proceedings.

## I. BACKGROUND

Plaintiff filed the instant complaint on August 1, 2016. ECF No. 1. Plaintiff asserted five

1
Case No. 16-CV-04333-LHK
ORDER GRANTING MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL; DENYING MOTION TO STAY

causes of action against Defendant: (1) sexual harassment, in violation of California state law; (2) sex discrimination, in violation of California state law; (3) retaliation, in violation of California state law; (4) failure to prevent discrimination, harassment, and retaliation, in violation of California state law; and (5) wrongful termination in violation of public policy. *See id.*

On October 31, 2016, Defendant answered the Complaint. ECF No. 19.

On February 24, 2017, the parties participated in mediation with private mediator Mark Rudy, but the case did not settle. ECF No. 39-2 ("Kim Decl."), at ¶ 12.

On March 3, 2017, "Plaintiff terminated her attorney-client relationship with Bohm Law Group, Inc." *Id.* ¶ 13. Plaintiff "explicitly instructed counsel not to take any further action on her behalf." *Id.* ¶ 13. On March 8, 2017, "Plaintiff requested counsel to substitute her in, representing herself pro se." *Id.* ¶ 14 & Ex. A. Plaintiff also requested on March 8, 2017 that counsel ask the Court for a 90 day stay of proceedings "so that [Plaintiff] may attempt to find a new attorney." *Id.*¶ 14.

On March 15, 2017, Plaintiff filed a motion to stay proceedings, which requested that the Court stay proceedings for 90 days while Plaintiff sought new counsel. ECF No. 37 ("Mot. to Stay"). Plaintiff's motion stated that "[i]f litigation continue[d] without competent legal representation, Plaintiff would have to conduct her own discovery and respond to opposing counsel's requests and demands." *Id.* at 3. Accordingly, Plaintiff stated, she would face prejudice if the Court did not stay proceedings for 90 days as Plaintiff sought new legal counsel. *Id.*

On March 27, 2017, Defendant filed an opposition to the motion to stay proceedings. ECF No. 38 ("Opp. to Mot. to Stay"). Plaintiff did not file a Reply.

On March 28, 2017, Plaintiff and Plaintiff's counsel, Andrew Kim ("Kim") of Bohm Law Group, Inc. ("Bohm Law"), filed a motion to withdraw as Plaintiff's counsel. ECF No. 39 ("Mot. to Withdraw"). The motion asserted that Plaintiff had exercised her "absolute right to discharge an attorney" and that Plaintiff "instructed and consented to the withdrawal of current counsel." *Id.* at 3; *see also* ECF No. 39-2, at ¶ 13.

On March 29, 2017, Defendant filed a motion of non-opposition to the motion to

2
Case No. 16-CV-04333-LHK
ORDER GRANTING MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL; DENYING MOTION TO STAY

1  withdraw.  ECF No. 40.

2  On May 4, 2017, Plaintiff filed a notice of substitution of counsel.  ECF No. 42.  The
3  notice stated that Jody LeWitter of Siegel LeWitter and Malkani was substituting as counsel of
4  record for Plaintiff.  *See id.*

**II. DISCUSSION**

**A. Motion to Withdraw**

"An attorney may not withdraw as counsel except by leave of court."  *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  Permission to withdraw is discretionary.  *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Civil Local Rule 11-4(a)(1) requires attorneys practicing in this district to "comply with the standards of professional conduct required of members of the State Bar of California."  Rule 3–700 of the Rules of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel.  Before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3–700(D), and complying with applicable laws and rules."  Cal. R. Prof. Conduct 3–700(A)(2).

In this case, Plaintiff discharged Kim and Bohm Law.  *See* Mot. to Withdraw, at 3.  The California Rules of Professional Conduct permit withdrawal where the client "knowingly and freely assents to termination of the employment."  *See* Cal. R. Prof. Conduct 3–700(C)(1)(f), (5).  Thus, the Court finds good cause exists for withdrawal.  Furthermore, the Court finds that counsel has taken steps to avoid reasonably foreseeable prejudice to Plaintiff.  Plaintiff had "due notice" of counsel's withdrawal because Plaintiff terminated Bohm Law on March 3, 2017.  *See* Cal. R. Prof. Conduct 3–700(A)(2).  Moreover, Plaintiff has joined in her counsel's motion to withdraw, and Defendant does not oppose the motion.  *See* Mot. to Withdraw at 1.  Further, other than the motion to withdraw as Plaintiff's counsel and Plaintiff's motion to stay, there are no motions currently pending.  Thus, the Court GRANTS Plaintiff's and Plaintiff's counsel motion to withdraw.  *See DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 3565188, at *2 (N.D. Cal. Sept. 13, 2010) (granting

3
Case No. 16-CV-04333-LHK
ORDER GRANTING MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL; DENYING MOTION TO STAY

motion to withdraw as counsel where the Plaintiff consented to the motion to withdraw and had notice of the withdrawal).[1]

**B.     Motion to Stay**

Plaintiff has also filed a motion to stay, which requests that the Court stay proceedings for 90 days while Plaintiff retains new counsel. *See* Mot. to Stay. The only argument that Plaintiff provides in support of her motion to stay is that Plaintiff will be prejudiced if the Court does not stay proceedings because "[i]f litigation continues without competent legal representation, Plaintiff w[ill] have to conduct her own discovery and respond to opposing counsel's requests and demands." *Id.*

Plaintiff's argument in support of a stay is now moot. On May 4, 2017, Plaintiff filed a notice of substitution of counsel. ECF No. 42. Jody LeWitter of Siegel LeWitter Malkani has substituted as counsel for Plaintiff, and thus Plaintiff no longer needs 90 days to seek and retain new counsel. *See id*. Thus, the Court DENIES Plaintiff's motion to stay the proceedings.

**III.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff and Plaintiff's counsel motion to withdraw as counsel for Plaintiff, and the Court DENIES Plaintiff's motion to stay.

**IT IS SO ORDERED.**

Dated:

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] Under Civil Local Rule 11-5(b), when withdrawal by an attorney is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, the court may grant withdrawal subject to the condition that papers continue to be served on counsel for forwarding purposes. In this case, a notice of substitution of counsel has been filed, ECF No. 42, and thus the Court does not place any conditions on counsel's withdrawal.

4
Case No. 16-CV-04333-LHK
ORDER GRANTING MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL; DENYING MOTION TO STAY